Railroad *v.* Sprayberry.

## N. & C. R.R. Co. *v.* W. L. SPRAYBERRY.

1. DAMAGES. *Action for. Common carriers. Railroads. Connecting lines responsible for injuries. When.* No action will lie in favor of a passenger for injuries caused by the negligence of a connecting line, against the original railroad company which sold him the ticket for transportation. Ordinarily the first company is considered the agent merely of the latter.

 Cases cited: Carter *v.* Peck, 4 Sneed, 203; Fustenheim *v.* M. & O. R.R. Co.

2. SAME. *Same. Evidence. Partnership.* While the company selling a ticket may, by contract either express or implied, bind itself to be responsible for the entire route, the sale of the ticket merely does not establish this, nor is the onus upon the company of proving that it expressly limited its liability. If a partnership in fact appear as existing between the lines, the case will be different.

3. SAME. *Same. Husband and wife. Pleading and practice. Actions and remedies.* A husband may maintain an action in his own name in this State, for wrongs or injuries causing the death of his wife and

Railroad *v.* Sprayberry.

child, against a railroad company, where the negligence so resulting has occurred in a State whose statutes prescribe such actions and remedies.

FROM SEQUATCHIE.

Appeal from the Circuit Court.

No counsel marked for plaintiff.

E. N. DODSON for defendant.

MCFARLAND, J., delivered the opinion of the court.

Sprayberry purchased from an agent of the Nashville & Chattanooga R.R. Co. at Chattanooga, tickets for himself, wife and two children from that place to Shreveport, La. The tickets are what are known as coupon tickets, and indicated the route to be by the Nashville & Chattanooga road to Nashville, and by other connecting roads to Memphis, and from that point to Shreveport by steamboat. After passing over the railroads to Memphis the party took the steamboat called the Nick Wall, to which they were directed, and while on the route on the Mississippi river an accident occurred in which the wife of Sprayberry and his two children were drowned. This action was brought by Sprayberry against the Nashville & Chattanooga R.R. Co. The drowning is averred to have been the result of the misconduct and want of skill of the officers and servants of the boat. A demurrer was filed upon the ground that the plaintiff could not maintain the action in his own name for wrongs

or injuries causing the death of the wife and children. This, we think, was properly overruled. An action of this character is unknown to common law, and is only given by statute, and where such an action is given by statute and a remedy prescribed, that remedy must be pursued. As the injury occurred in the State of Mississippi, the right of action and the remedy prescribed by the statute of that State is the one to which the plaintiff was entitled. The statute of this State on the subject has no application. The action, though predicated upon the Mississippi statute, may be brought in this State. In such case the declaration must aver the statute under which it is brought. This was sufficiently done. That statute gives the remedy to the husband and father, and we enforce that remedy in our courts.

The next question, and one of importance, is as to the liability of the Nashville and Chattanooga Railroad Company for injuries to the passengers caused by the wrongful acts, negligence, or want of skill in the officers and servants of the steamboat after the passengers had passed beyond their line. The declaration avers that the defendant was in partnership with the company or line of carriers owning the boat. This was put in issue. The judge, in his charge, instructed the jury in substance that it was not necessary for the plaintiff to prove this to entitle him to a recovery, but if the plaintiff purchased the tickets from an authorized agent of the defendant, the defendant thereby became bound for the transportation of the passengers over the entire line for which the

tickets were sold, although beyond the terminus of its road; that the company selling the tickets incurs a responsibility as though the entire route was its own, unless it stipulated at the time for a less responsibility. This we understand to be the substance of the instructions to the jury on this question. This doctrine rests upon the theory that the contract is alone with the company from whom the tickets were purchased for the entire route, and that the connecting lines are but agents of the first in carrying out this contract, and as a consequence the acts or negligence of the servants causing the injury are the acts of the joint company. This is laid down as the true doctrine in Shearman & Redfield on Negligence, sec. 272, though it is conceded that the American cases do not always support it. The cases referred to in support of the position we have not had an opportunity to examine.

In the case of *Carter & Hough* v. *Peck*, 4 Sneed, 203, the language of the judge delivering the opinion of the court seems to favor this view. In that case, however, it appeared that the plaintiff purchased from the defendants, the proprietors of a stage line, through tickets from Nashville to Memphis; the defendants did not own the entire line, but had an arrangement with another company owning a stage line to receive the passengers at Waynesboro on the route and carry them to LaGrange for their share of the fare, from which point they were to be taken to Memphis by railway, but this arrangement was not known to the plaintiff. The connecting line at Waynesboro failed and refused

to carry the plaintiff, and he was compelled to pay his fare upon another route. It was held that the plaintiff was entitled to hold the first company liable for this failure upon the ground that his contract was alone with them.

The case of *Fustenheim* v. *The Memphis & Ohio R.R. Co.*, decided at Jackson by this court in April, 1872, was this, the plaintiff purchased a through ticket from New York to Memphis from the Pennsylvania Central Railroad Company, and received a check for his baggage, to be delivered at Memphis. It was held that upon this the plaintiff could not recover from the last company running into Memphis for an injury to his baggage, which occurred while on the Pennsylvania Central road; for this injury he must look to that company. We are also referred to several cases, and one of them our own holding, that a carrier receiving freight to be carried beyond the terminus of its own road is responsible for its delivery at that point unless a different liability is stipulated for, and these are as stated authorities holding that the same rule applies to passengers.

On the other hand, there are authorities holding that a different rule applies to passengers from the rule applicable to freight and baggage. That where tickets of this character are sold they are to be regarded as distinct tickets for each road sold by the first company as agent of the others, so far as passengers are concerned. This is the doctrine maintained by Judge Redfield in his work on carriers. He refers, among others, to the case of *Ellsworth* v.

*Natt*, 26 Ala., ——, in which he says the question was a good deal examined, and the rule laid down to be, "If the proprietors of different portions of a public line of travel, by an agreement among themselves, appoint a common agent at each end of the route to receive the fare and give through tickets, this does not of itself constitute them parties as to passengers, so as to render each one liable for losses occurring upon any portion of the line." He refers also to other authorities. See Redfield on Carriers, sec. 444. And the same author maintains the same doctrine in his work on the Law of Railways, vol. 2, sec. 201.

In this conflict of authority we are left to adopt the rule which to us seems supported by the soundest reason.

The extent and *termini* of great railway lines, owned and operated by companies incorporated by public laws, may be supposed to be known, at least in general, to persons of ordinary intelligence when they purchase tickets to travel over them, especially when this is shown by the tickets themselves. The system of selling through tickets is one of great importance and convenience to travelers, as it avoids trouble, besides securing in some instances lower rates. The theory that the company selling the ticket shall be held from this alone to have actually contracted to carry the passengers over roads besides its own, and that the owners of the other roads are but the agents of the first to carry out the contract, seems to us to be an arbitrary assumption, a sort of legal fiction, and con-

trary in some cases, at least, to the truth of the case. Assuming that in fact the different lines of road are separate and distinct, and owned and controlled by different companies, with different agents and officers, and that there is no contract or privity between them in regard to carrying passengers, except the arrangement to sell through tickets, and that these facts appear in proof. Shall the fact that the first company, with the authority of the others, issues and sells the tickets, be held of itself to establish exactly contrary to the truth, that the other companies are but the agents and servants of the first? There is nothing in this record to indicate that the officers and agents of the steamboat whose wrongful acts or negligence are said to have caused the death of the plaintiff's wife and children, were the servants of this defendant, or in any manner under its control, except the simple fact that the defendant sold the tickets. To allow this of itself to establish this arbitrary conclusion against the truth, would be to attach unjust responsibility upon the company selling the tickets. We are of opinion that in such cases the company selling the ticket shall be regarded as the agent of the other lines when the tickets themselves impart this and nothing else appears, and the purchaser may well understand with whom the contract is made, and who is bound for its performance.

Of course the company selling the tickets may, by contract, either expressed or to be fairly implied from its acts, bind itself to be responsible for the entire route; but this should not be held conclusively es-

tablished from the sale of the tickets alone, nor should it be held to throw upon the defendant the onus of proving that it expressly limited its liability. If a partnership in fact appear, the case would be different.

For this error the judgment must be reversed, and a new trial awarded.